IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA G. LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | § § § § § § § § § § § § | Civil Action No. 3:10-cv-1730-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment [Docket Entry #17]. The Motion is **GRANTED**.

### Background and Procedural History

Plaintiff Amanda Lewis ("Lewis") filed her Original Complaint on September 2, 2010, alleging that Dr. Lynn Brooks, a physician at Dallas Veterans Affairs Medical Center ("VAMC") negligently performed a hysterectomy on Lewis at VAMC. Lewis amended her Complaint on July 7, 2011. Pursuant to the Court's Scheduling Order, dated June 26, 2011, parties with the burden of proof on an issue were to designate any expert witnesses by August 31, 2011 [Docket Entry #10]. Twice, as the Scheduling Order permitted, the parties stipulated to extensions of time to designate experts and provide expert reports [Docket Entries #14 and 15], the last of which gave Plaintiff until October 24, 2011 to do so.

Plaintiff did not designate any expert witnesses, and the discovery period ended on November 10, 2011. Defendant moved for summary judgment on December 7, 2011, arguing that under Texas law, Plaintiff must have expert testimony to carry her burden of proof. Under

Local Rule 7.1, Plaintiff had twenty-one days to respond to Defendant's Motion, but Plaintiff failed to respond. The Court entered an Order indicating that no responses would be permitted [Docket Entry #18]. In response to that Order, Plaintiff filed a Motion for Extension of Time to File a Response [Docket Entry #19], which the Court granted over Defendant's objection [Docket Entry #21]. In her response, Plaintiff argued that Defendant's Motion for Summary Judgment should be denied, contending that she does not need expert testimony to carry her burden of proof, and objecting that Defendant did not comply with the Local Rules when it filed its Motion for Summary Judgment.

## Analysis

**1) Expert Testimony**

Plaintiff sues under the Federal Tort Claims Act.[1] The alleged tortious act occurred in Texas, and therefore, Texas law controls.[2] Under Texas law, a plaintiff suing for medical malpractice must prove four elements to establish liability: 1) a duty owed by the defendant to plaintiff; 2) a breach of that duty; 3) proximate cause; and 4) actual harm.[3] The Fifth Circuit has stated that "[b]ecause medical treatment is beyond the reach of a layperson's knowledge and experience, expert evidence is required to show both a breach of a standard of care and that the breach was a proximate cause of the harm suffered."[4] Furthermore, in Texas, in a suit involving health care liability against a physician for injury to a patient, a person can qualify as an expert

---

[1] 28 U.S.C. § 2671, *et seq.*
[2] 28 U.S.C. § 1346(b) (Liability under the Act is established "in accordance with the law of the place where the act or omission occurred.").
[3] *Urbach v. United States*, 869 F.2d 829, 831 (5th Cir. 1989).
[4] *Guile v. United States,* 422 F.3d 221, 225 (5th Cir. 2005); *see also Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977)( "Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required to meet this burden of proof.").

witness on the issue of whether the physician departed from accepted standards of medical care only if that person is a *physician* who meets certain qualifications.[5]

Here, Plaintiff alleges that her physician breached the standard of care in two ways: first, by severing the patient's ureter while performing the hysterectomy, and second, by failing to order a sonogram before beginning the procedure.[6] Plaintiff contends it is within the jury's common knowledge that severing a ureter during a hysterectomy, and failing to order a sonogram before conducting a hysterectomy, breach the applicable standard of care, and that, therefore, expert testimony is not required. Apparently suggesting that she is her own expert, Plaintiff also submits an affidavit in which she emphasizes her prior experience as a nurse, who participated in one hundred hysterectomy procedures, in connection with which she saw physicians routinely order sonograms before surgery.

The Court finds that the standard of care for performing and preparing for a hysterectomy is not "a matter of common knowledge" and is not "within the experience of the layman".[7] Therefore, Texas law requires Plaintiff to provide the expert testimony *of a physician* to show both breach of a standard of care and that the breach was a proximate cause of the harm suffered.[8] The fact that Lewis had once been a nurse who had participated as such in the performance of hysterectomies does not obviate the need for expert testimony from a physician.[9] Because Plaintiff has not designated such an expert, as a matter of law she cannot satisfy her burden of proof.

---

[5] Tex. Civ. Prac. & Rem. Code § 74.401 (Vernon 2012).
[6] Plaintiff's Response to Defendant's MSJ at ¶ 30, 31.
[7] *Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977); Some Texas courts have found that in very limited circumstances medical malpractice can be established without expert testimony, but the examples most often cited are when a sponge is left inside the body or the wrong body part is operated upon. *See Westerlund v. Naaman*, 833 S.W.2d 725, 728 (Tex.App.—Houston [1st Dist.] 1992, no writ). Those limited exceptions do not apply to the standard of care for performing a hysterectomy.
[8] Tex. Civ. Prac. & Rem. Code § 74.401 (Vernon 2012); *Guile v. United States,* 422 F.3d 221, 225 (5th Cir. 2005).
[9] Tex. Civ. Prac. & Rem. Code § 74.401 (Vernon 2012).

2) **Objections for Violations of Local Rules**

Plaintiff further objects that Defendant's Motion for Summary Judgment should not be considered, because Defendant did not file its Motion and Brief in separate documents, as provided in Local Rule 56.5, and did not prepare an appropriate "summary," as provided in Local Rule 56.3.  In her Motion for Extension of Time to File a Response, Plaintiff did not object to the form of Defendant's Motion.  Having permitted Plaintiff, who did not respond timely to Defendant's Motion, to file a late response, the Court will not allow Plaintiff to benefit from a violation of local rules of form, which did not prejudice the Plaintiff in any way.  Defendant's combined Motion and Brief totaled five pages and focused on a single argument: that, as a matter of law, Plaintiff was precluded from recovering in the absence of expert testimony by a physician. Plaintiff filed a response to that argument.  Plaintiff's objections under Local Rules 56.3 and 56.5 are **OVERRULED**.

Because, as a matter of law, Plaintiff cannot satisfy her burden of proof, the Court grants Defendant's Motion for Summary Judgment. Plaintiff's claims are dismissed with prejudice.  A separate Judgment will issue.

**SO ORDERED.**

April 11, 2012.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**